UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRIPOINT COMMUNICATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHARGE ANYWHERE, LLC and FIDELITY BANK LIMITED, <br><br> Defendants. | Civil Action No. <br><br> 25-345 (CCC) (LDW) <br><br> **REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter is before the Court by way of an Order To Show Cause requiring defendants to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (ECF 10). No party has submitted any response to the Order To Show Cause, despite such papers having been due on or before April 10, 2025. (*Id.*). For the reasons set forth below, it is respectfully recommended to the Honorable Claire C. Cecchi, U.S.D.J. that the action be remanded to the Superior Court of New Jersey, Middlesex County for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c).

**I.     BACKGROUND**

The facts relevant to subject matter jurisdiction are as follows. This is an action for breach of contract and tortious interference in which jurisdiction is premised in the removal petition upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff Tripoint Communications Ltd. ("Tripoint) is a foreign corporation that is incorporated and has its principal place of business in the Commonwealth of The Bahamas. (ECF 7). Defendant Charge Anywhere, LLC ("Charge

Anywhere") is a limited liability company whose members are citizens of the States of Maryland, Delaware and Florida. (ECF 1, Removal Notice, ¶ 4(b)). Defendant Fidelity Bank Limited ("Fidelity") has not yet appeared, but plaintiff avers in the Complaint and defendant Charge Anywhere in the removal petition that Fidelity is a foreign corporation incorporated and having a principal place of business in the Commonwealth of The Bahamas. (ECF 1-1 ¶ 3).

This action was commenced in the Superior Court of New Jersey, Middlesex County in November 2024. It was removed to this Court by defendant Charge Anywhere in January 2025. In February 2025, defendant Charge Anywhere filed a motion to dismiss in lieu of answer that is presently pending before the Court. (ECF 4).

This is not the first time the same controversy has been before this Court. Plaintiff filed a nearly identical complaint in September 2024. *See Tripoint Communications Ltd. v. Charge Anywhere*, LLC, et al., Civil Action No. 24-9277 (SRC) (JSA) (D.N.J.). In that case, the Honorable Stanley R. Chesler, U.S.D.J., issued an Order to Show Cause why that action should not be dismissed for lack of subject matter jurisdiction. *See id.* (ECF 4). Subject matter jurisdiction was not demonstrated; instead of responding to the Order To Show Cause, Tripoint voluntarily dismissed the action. (ECF 8).

History has repeated itself. In March 2025, this Court issued an Order To Show Cause why the action should not be dismissed for lack of subject matter jurisdiction based on some of the same defects noted by Judge Chesler's Order To Show Cause in the previous case. (ECF 10). None of the parties has attempted to show cause.

## II.  DISCUSSION

Federal Courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). It is therefore imperative to resolve any question as to jurisdiction before proceeding to the merits, *see id.*, and the Court has an independent duty to determine whether subject matter jurisdiction exists, even in the absence of a challenge from a party. *See Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016).

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. After removal, rather than being dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 1447(c), an action may be remanded to state court if the district court determines that it lacks subject matter jurisdiction over the action. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

Charge Anywhere removed this case pursuant to 28 U.S.C. § 1441(b), asserting the Court has diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. (ECF 1 ¶¶ 5-6). Section 1332 generally confers federal subject matter jurisdiction where all plaintiffs are diverse in their citizenship from all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

However, not all actions involving subjects of a foreign state (or "aliens") fall within the jurisdiction of the diversity statute. While actions between citizens of a State and aliens are

permitted under 28 U.S.C. § 1332(a)(2), it is well established that actions in which there is an alien plaintiff and an alien defendant do not fall within the diversity statute. *See Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980) (noting that federal courts have "consistently denied jurisdiction over suits between aliens"); *Dirauf v. Berger*, 506 F. Supp. 3d 254, 264 (D.N.J. 2020) (same), *aff'd*, 57 F.4th 101 (3d Cir. 2022); *accord Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("We have held that the presence of aliens on two sides of a case destroys diversity jurisdiction."). This is true even where, as here, there is an action brought by an alien plaintiff against *both* an alien defendant *and* a citizen of a State. *See Field*, 626 F.2d at 296 ("[T]he principle has been applied to deny jurisdiction in an action by an alien against citizens of a state and another alien."); *Dirauf*, 506 F. Supp. 3d at 264 (same).

For the reasons set forth above, the presence of alien plaintiff Tripoint and alien defendant Fidelity deprives the Court of diversity subject matter jurisdiction.[1] The domestic citizenship of defendant Charge Anywhere is insufficient to create subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) given its alien co-defendant.

### III. CONCLUSION

The removing party not having met its burden to demonstrate that the case is properly before the Court, the undersigned respectfully recommends that this action be remanded to the Superior Court of New Jersey, Middlesex County.

Dated: June 16, 2025

                                                *s/ Leda Dunn Wettre*
                                                Hon. Leda Dunn Wettre
                                                United States Magistrate Judge

---

[1] Further, no federal question under 28 U.S.C. § 1331 is presented by the Complaint, which asserts only state common law claims. (See ECF 1-1).

Original: Clerk of the Court
   cc: Hon. Claire C. Cecchi, U.S.D.J.
       All Parties